IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>)<br>) |
| v. | )<br>) |
| | ) **COMPLAINT**<br>) |
| COOPER MACHINE COMPANY, INC., a Georgia corporation, | )<br>) **JURY TRIAL DEMAND**<br>) |
| Defendant. | )<br>)<br>) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Janet Bryant ("Bryant"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Cooper Machine Company, Inc. ("Defendant") terminated Bryant because of her disability status in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

1

U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Cooper Machine Company, Inc., (the "Defendant"), has continuously been doing business in the State of Georgia and the City of Wadley, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Bryant filed a charge with the EEOC alleging violations of the ADA by Defendant.

8. On February 1, 2018, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join

with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On April 4, 2018, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least April 2017, Defendant has engaged in unlawful employment practices at or near its Wadley, Georgia location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a) and (b).

12. Bryant is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Bryant has an impairment, generalized anxiety disorder, that substantially limits her in major life activities, including the operation of the neurological system.

13. Defendant regarded Bryant as having a disability by terminating her employment because of an actual or perceived impairment.

14. Bryant was hired by Defendant in January 2014 to work as a purchasing agent in its Wadley, Georgia facility.

15. As part of her duties, Bryant was responsible for purchasing raw materials, parts, tools, and equipment used in the manufacturing process, and for shipping finished equipment to customers.

16. Defendant is a family-owned and operated business. It's President and Chief Financial Officer ("CFO") are married to each other.  During the majority of her employment,

Bryant reported to their son, who also worked for the company as a manager. In early 2014, the CFO and the President's daughter was named as the company's Chief Executive Officer ("CEO").

17. On or about February 28, 2017, Bryant began to experience severe anxiety for which she had to take one week off from work. During the week off, Bryant sought medical treatment and was ultimately diagnosed with generalized anxiety disorder.

18. Bryant's doctor prescribed medication for her condition and released her back to work on or around March 6, 2017. Upon her return to work, Bryant submitted a doctor's note to Defendant explaining her condition and treatment to include medication.

19. On or about April 12, 2017, Bryant engaged a heated verbal discussion with the CEO about a pending work order and scheduling a truck to haul some equipment to one of Respondent's customers. The discussion ended with the CEO threatening to cancel Bryant's approved leave for the upcoming Easter holiday and with Bryant storming out of the office.

20. Later that evening, Bryant called the CEO to apologize and to state that her medication likely caused her to act too emotional. The CEO told Bryant that everything was okay and acknowledged that the situation was stressful for both of them.

21. Bryant reported to work the following day. The CEO told Bryant that she had done a good job resolving the work assignment from the day before and told her that she could take her leave as planned.

22. On April 17, 2017, the following Monday, Bryant reported to work. Respondent's Chief Financial Officer, who is also the Personnel Manager, called Bryant into her office and terminated her employment. The CFO handed Bryant a separation notice which stated,

"EMPLOYEE IS UNABLE TO DO WORK DUE TO MEDICAL ISSUES."

23. The CFO then followed Bryant out of the facility stating that she wanted to ensure that Bryant would not delete any company files.

24. Bryant went to her medical provider and informed them that Defendant had just terminated her because of her medical condition.

25. At the time Bryant was terminated, she was capable of performing her job competently despite her impairment and use of prescription drugs.

26. Bryant was unlawfully terminated by Defendant because of her disability and/or because she was regarded as a person with a disability due to her impairment and use of legally prescribed medications.

27. The effect of the practices complained of above has been to deprive Bryant of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

28. The unlawful employment practices complained of above were intentional.

29. The unlawful employment practices complained of above were done with malice or with reckless indifference to Bryant's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees based on their disability status, or otherwise engaging in any other employment practice that discriminates against employees with disabilities.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make Bryant whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to reinstatement.

D.	Order Defendant to make Bryant whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.	Order Defendant to make Bryant whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to damages for emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.	Order Defendant to pay Bryant punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

JAMES L. LEE

Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney


*s/ James W. Allen*
Senior Trial Attorney
Georgia Bar No. 016075
james.allen@eeoc.gov
U.S. Equal Employment Opportunity Commission
Savannah Local Office
7391 Hodgson Memorial Drive
Suite 200
Savannah, Georgia 31406-2579
(912) 920-4486 phone
(912) 920-4484 facsimile

7